**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

JOHN A. HORVATH,

        Plaintiff,

v.                                   Case No. 1:09CV1129-AJT/TCB

BANK OF NEW YORK, N.A., et al.,

        Defendants.

**PLAINTIFF'S CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS FIRST AMENDED COMPLAINT BY BANK OF NEW YORK, N.A., CWALT, INC., COUNTRYWIDE HOME LOANS, AMERICA'S WHOLESALE LENDER, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., AND EQUITY TRUSTEES, LLC**

Counsel for the Defendants have agreed to Plaintiff's filing his opposition to the Motion to Dismiss out of time; January 6, 2010 instead of January 4, 2010. As such, NOW COMES the Plaintiff, John A. Horvath, by counsel, and for his Consolidated Memorandum in Opposition to Defendants Bank of New York, N.A. ("BONY"), CWALT, Inc. ("CWALT"), Countrywide Home Loans Servicing LP, ("Countrywide"), America's Wholesale Lender ("AWL"), Mortgage Electronic Registration System, Inc. ("MERS") and Equity Trustees, LLC ("EQUITY") (collectively, the "Defendants") Motion to Dismiss states as follows:

## I.    INTRODUCTION

The case is before this Court on the basis of a removal petition filed by Defendants.

In 2006, Plaintiff mortgaged his residence at 11599 Water Oak Court, Woodbridge, Virginia. Despite Defendants' assertions to the contrary, Plaintiff has chosen to file this First Amended Complaint in order to establish once and for all the true ownership of the property, remove any cloud or title defects that may exist on the land records with respect to the Property,

and to establish the identity of the true party in interest pursuant to Rule 17 of the Federal Rules of Civil Procedure with respect to the ownership of the indebtedness and any security instrument that is encumbering the Property.

The essence of Defendants Motion to Dismiss is that, if, in fact, Plaintiff is in default in mortgage installment payments, then Plaintiff can have no lawful remedy or power to arrest actions by Defendants in and about the seizure by foreclosure of Plaintiff's residence.  That is, if the Plaintiff signed a mortgage note, executed a security instrument (a deed of trust) on his residence and thereafter defaulted in his payments, then Plaintiff cannot complain about who holds that note or deed of trust, about who may enforce rights granted by the note or deed of trust, about who is a proper agent of the Plaintiff under the deed of trust and to whom the payments are actually owed, and cannot establish that Defendants' actions are actually creating double and perhaps triple recovery on the same promissory notes that Defendants placed in securitized mortgage pools without Plaintiff's consent.  The issue is further compounded by the fact the securitized mortgage pools that Defendants created and sold to undetermined and unknown investors state in their SEC filings that credit enhancement policies (indirect insurance payouts) will be obtained in connection with the applicable securitized mortgage pool.

Further, Plaintiff's First Amended Complaint consists of allegations which if true and proven, strip any and all interest of the named Defendants to Plaintiff's property.  As such, Plaintiff's First Amended Complaint should not be dismissed.

## II.    STATEMENT OF FACTS

Defendants ignore the myriad of factual allegations within the First Amended Complaint and fail to address the issue that the land records of Prince William County, Virginia,

2

are devoid of any indicia of Defendants' ownership interest in the security instruments which are the subject of this litigation.

### III.    STANDARD FOR DISMISSAL UNDER FED. R. 12(b)(6)

### A.    Fed. R. Civ. P. 12(b)(6)

ARGUMENT

Standard of Review

Defendants succinctly state the standard of judicial review of the Complaint under Fed.R.Civ.P 12(b)(6), the failure to state a claim upon which relief may be granted.  Defendants do so in such brevity, however, as to ignore the command of the Federal Rules of Civil Procedure that Plaintiff's pleadings are sufficient if the pleadings give the Defendants notice of the claim(s) and enough facts to frame a response or denial.  Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Further, "a claimant need not set out in detail all of the facts upon which the claim from relief is based; rather, he need only provide a statement sufficient to put the opposing party on fair notice of the claim and the grounds supporting it." *Ostrzenski v. Siegel*, 177 F.3d 245, 251 (4th Cir. 1999).  In fact, "dismissal is inappropriate unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Ostrzenski*, *Id*., quoting from *Hishon v. King & Spalding*, 467 U.S. 69,73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

Defendant's heavy reliance on Iqbal is misplaced and erroneous.  Iqbal was a Bivens action brought by a Pakistani national who alleged ethnically and racially discriminatory treatment in the post-September 11, 2001, period by numerous federal officials while he was detained for charges of defrauding the United States with regard to identification documents,

charges to which he plead guilty, prompting his deportation.  <u>Iqbal</u>, 556 U.S. ___; Slip op. 1. There was no dispute that the facts alleged by <u>Iqbal</u> stated a <u>Bivens</u> claim against all individuals directly and indirectly involved in his treatment. Id.

The narrow question in <u>Iqbal</u> was whether <u>Bivens</u> liability -- which indisputably does not extend to supervisors through respondeat superior -- attached where the complaint alleged "a supervisor's mere knowledge of his subordinate's discriminatory purpose." Slip op., 13. The U.S. Supreme Court reiterated that <u>Bivens</u> creates a unique, disfavored and limited cause of action disconnected from normal tort doctrines and reaffirmed that, "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id.

Such a <u>Bivens</u>-specific holding bears no relationship to the mortgage securitization lawsuit *sub judice*.  Importantly, though, and contra defendant's arguments, the Supreme Court reiterated in <u>Iqbal</u> that "a court must accept as true all of the allegations contained in a complaint" and that a plaintiff need only "state[] a plausible claim for relief [to] survive[] a motion to dismiss." Slip op. 14-15. Plaintiff has clearly done that here.  The Supreme Court has always instructed, and continues to instruct, District Courts to assume the facts in the complaint to be true, to make reasonable inferences on behalf of plaintiff's allegations, and to deny dismissal where plaintiff has a "plausible" claim.

<u>Iqbal</u> soundly rejects <u>Bivens</u> liability for high-ranking government officials merely potentially aware of misdeeds much further down the chain of command (and it reiterates the appealability of an order on qualified immunity for government officials), but that is it.  Neither <u>Twombly</u> nor <u>Iqbal</u> eradicate the need to independently establish standing or to abrogate legal responsibility on a well pled complaint like Plaintiff's.  Plaintiff's Complaint specifically states

that the named defendants do not own the debt and are not the true party in interest at these proceedings.  There is nothing conclusory about that; it is a fact.  The mere fact Defendants disagree with the factual assertion does not make it a legal conclusion.  Equally, Plaintiffs' claims are not only plausible, but probable.  Ex A - Ibanez (no title insurance for failing to prove note ownership in foreclosures); Ex B - In Re Sheridan (proper party in interest not present before the court in a mortgage securitized note and foreclosure attempt, lift of stay denied).

      To accept an argument to dismiss any properly pled allegations, such as Plaintiffs', because such assertions fall under the convenient rubric that all of Plaintiffs' assertions are conclusory or not plausible as per Twombly or Iqbal, is an exercise in sophistry that Defendants wish to engage in.  Sophistry and circumvention alone, however, fail to recognize that acceptance of Defendants' assertions would essentially decimate years of United States Supreme Court decisions on standing and Article III injury requirements, including the recent March 3, 2009, decision in Summers v. Earth Island Institute (555 US _____, 129 S. Ct 1142, 173 L.ED 2d 1 (2009))(third party settlements strip standing from derivative interested parties that can no longer establish an injury) and prevent a trier of fact from discerning inexorably intertwined and directly implicated issues of predatory lending, double/triple recovery on the same Notes which are the subject of this Complaint, and abrogate several rules of the Federal Rules of Civil Procedure including Rules 8, 9, 10, 13, 17 and others, not to mention trumping constitutionally protected rights of jury trial and due process.  As much as Defendants may wish this were so, neither Twombly nor Iqbal intended those consequences.  As such, Plaintiffs' case may go forward on Plaintiffs' properly pled Complaint.

      Finally, again contra Defendants, Iqbal was specifically remanded to the Circuit Court to consider whether the plaintiff there should be permitted to amend his complaint to cure the

deficiencies.  Such is consistent with this Circuit's precedent, in which leave to amend is to be freely granted prior to dismissal unless such amendment is clearly futile or inequitable.  Plaintiff has more than sufficiently and properly pled his claims and should not be dismissed.

## IV.    ARGUMENT

### A.    Count I - Plaintiff States a Claim for Declaratory Relief (1st Note)

Defendants' argument for dismissal for failure to state a claim as to Count I (Declaratory Judgment) hinges on their conclusion that rights upon which Plaintiff seeks the Court's guidance have already been invaded.  If true, declaratory relief would not lie as Plaintiff's alleged controversies have matured and ripened into causes of action.  Defendants do not contend that Plaintiff's Complaint was not filed *before* the foreclosure complained of was conducted.

Critical to Plaintiff's claim for declaratory relief is the environment in which foreclosures are conducted in Virginia.  Specifically, Virginia is a nonjudicial foreclosure state.  In other words, the very nature of the process is devoid of judicial enlightenment, supervision or control. The only remedies available to a homeowner in advance of a foreclosure are injunction and declaratory relief.  Since Virginia statutes only require fourteen (14) days written notice of foreclosure to the homeowner, filing an action for declaratory judgment during that time cannot be resolved before the foreclosure occurs under ordinary procedures followed in Virginia.

Not only does the short timing of the process stifle the opportunity to obtain declaratory relief, there are legitimate issues raised by Plaintiff's Complaint that, if resolved by declaratory judgment, could serve as a guide for future conduct by other parties similarly situated to Plaintiff and the Defendants.

Defendants focus only upon Plaintiff's alleged default and suggest Plaintiff only wants justification for his 'past breach' of his obligations.  Defendants do not want the Court to be

reminded of the numerous "factual" allegations in the Complaint.  Without judicial intervention and declaratory relief, this conduct by the defendants and others will persist against Virginia citizen homeowners into the future.  Further, Defendants gloss over and misstate that "where a plaintiff has an adequate remedy at law or equity (i.e., where the wrongs have already been suffered and the Plaintiff can obtain money damages or some form of equitable remedy), a declaratory judgment is not available."  It is precisely because an adequate remedy at law or equity does not exist in a non-judicial foreclosure proceeding in Virginia that a declaratory judgment exists and is and must be available for Plaintiff and others similarly situated.

Count I also more than adequately states a claim for relief as a matter of law. In the First Amended Complaint, Plaintiff claims that he is entitled to declaratory relief because none of the Defendants qualify as the lender.  Throughout the Complaint, Plaintiff also states that as a matter of law, pursuant to Rule 17 of the Federal Rules of Civil Procedure, Defendants have not established that they are the true party in interest and as such have not satisfactorily established that they are the "Lender" as required by the deed of trust.

Additionally, Defendants properly quote but inadequately interpret the provisions of Virginia's foreclosure statute which states:

> "The party secured by the deed of trust, *or the holders of greater than fifty percent of the monetary obligations secured thereby*, shall have the right and power to appoint a substitute trustee or trustees for any reason and, regardless of whether such right and power is expressly granted in such deed of trust, by executing and acknowledging an instrument designating and appointing a substitute. . . . [T]he substitute trustee or trustees named therein shall be vested with all the powers, rights, authority and duties vested in the trustee or trustees in the original deed of trust.

Va. Code § 55-59(9). Thus, under Virginia law, anyone having greater than fifty percent ownership has the right to appoint substitute trustees."  But this is exactly the point, at no time have Defendants established that even assuming they are arguendo a proper successor to a

7

putative lender, that they can establish that they can establish ownership of over "*fifty percent of the monetary obligations secured thereby…*" in an environment where Defendants themselves do not know who the investors purchasing any interest in a securitized mortgage pool are.

While Defendants properly rely on Virginia Supreme Court decisions regarding double recovery in a securitized mortgage notes environment Nizan v. Wells Fargo Bank Minnesota Nat'l Ass'n, 274 Va. 481 (2007), Defendants fail to grasp the significance of *Nizan* and improperly interpret its holding.  Nizan v. Wells Fargo Bank Minnesota Nat'l Ass'n, much like the United States Supreme Court case  Summers v. Earth Institute specifically stand for the proposition that Plaintiff's claims are not conclusory, but plausible given Defendants own SEC filings, resulting in double or triple recovery on the same promissory notes which is not allowed by either state or federal supreme court case law and precedent.  As such, Plaintiff's claims should not and must not be dismissed.  Doing so at this stage of the proceedings would certainly pit the inapplicable provisions of Twombly and Iqbal, with the on point standing pronouncements and requirements of Nizan and Summers.

For all of the foregoing reasons, Count I must not be dismissed. Declaratory relief is appropriate as the Complaint was filed *prior* to any foreclosure taking place, and in the non-judicial environment of Virginia, an adequate legal and/or equitable remedy has not been available to Plaintiff.

*Demand for Injunctive Relief is Sufficient*

 Defendants properly state the standard for the injunctive relief required by Plaintiff. Under Count I, Plaintiff demands injunctive relief or a temporary restraining order preventing any unlawful detainer action. Injunctive relief "is an extraordinary remedy afforded prior to trial at the discretion of the district court." *The Real Truth About Obama, Inc. v. Federal*

*Election Comm.*, No. 08-1977, 2009 U.S.App. LEXIS 17437*5 (4th Cir. Aug. 5, 2009).

Pursuant to the Supreme Court's ruling in *Winter v. Natural Resources Defense Council, Inc.*,

129 S.Ct. 365 (2008), the movant must demonstrate by a "clear showing" that (1) she is likely

to succeed on the merits of her claim; (2) she is likely to suffer irreparable harm in the

absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) that an

injunction is in the public interest. *Real Truth*, *supra* at *5-11.

Based on <u>Nizan</u> and <u>Summers</u> alone, Plaintiff is likely to succeed as a proper

accounting will demonstrate the amounts of the payouts that the trust has received in ins

credit enhancements provisions. Further, until this litigation is finalized, Plaintiff will suffer

irreparable harm in the loss of his home in the absence of the relief requested. The balance of

equities tip in his favor and an injunction is very much in the public interest in an

environment where the Defendants themselves created the predatory lending environment that

they are now exploiting with their foreclosures.

### B.    <u>Count II - Plaintiff States a Claim for Declaratory Relief (2nd Note)</u>

In Count II, Plaintiff hereby incorporate the points and authorities set forth above

regarding Count I and seeks declaratory relief regarding Second Trust Note.

### C.    <u>Count III States a Claim for Breach of Fiduciary Duty Against Equity.</u>

Equity opens its argument for dismissal on this point by citing – and adequately

paraphrasing – Va. Code § 55-59.9.  Unfortunately, that is not the language used in the Deed of

Appointment of Substitute Trustee by which Equity claims its appointment.  In fact, the

document recites that the "said Deed of Trust provides that the holder of the Note shall have the

power and authority to appoint…"  The Deed of Trust does not contain such authorization for the

'holder of the Note;' rather, it provides such authority to the 'Lender' (America's Wholesale

Lender), its successors or assigns.  The Complaint alleges – does not imply – that The Bank of New York and others are not the 'Lender.'  Plaintiff does not allege that Equity failed to determine who the Noteholder was in of the Complaint as Equity's Motion states; rather, that Equity failed to exercise any due diligence to determine which entity had the proper authority to invoke the power of sale under the Deed of Trust.

Equity puts forth the sophisticated argument that, if its appointment as substitute trustee was without authority, then the appointment is void and it is not accountable to Plaintiff for its conduct of the foreclosure because, in effect, it never happened.  In other words, Equity never owed any fiduciary duty to Plaintiff if it never were a duly appointed fiduciary.

Equity must concede that Plaintiff is one of the parties to the Deed of Trust creating and defining the duties of the named Trustee.  In seeking replacement of the original trustee and in drafting the instrument of substitution (or having it drafted by an affiliate law firm, which at all times material to the appointment and foreclosure was acting as counsel to Equity and the entity making the appointment), Equity had to proceed with caution to protect rights of the Plaintiff from whomever Equity was indirectly claiming to be appointed.  All fiduciary relationships have an implicit duty of good faith to act in the best interests of all parties to the relationship.  Plaintiff herein was the trustor and, while the trustor may have ceded powers of appointment to the Lender (in an instrument drafted by the Lender permitting no negotiation of its terms by the Plaintiff), that may not be construed to permit a would-be substitute trustee to accept appointment without exercising the judgment of a reasonable fiduciary that the appointment is coming from the ceded power under the Deed of Trust.

This is all advanced without further reference to the facts alleged as to the possible self-dealing in that the appointment document is executed by an employee of the affiliated law firm

who is acting as agent for the servicer, which is acting as agent for The Bank of New York, which is acting as agent for a loan trust, which is acting on behalf of certificate holders to whom the interest in the Note has been sold.  None of these relationships are documented, as the foreclosing entities are *expecting* to foreclose and not be challenged as any party would when representing that they are acting as agent, or by power of attorney, or as trustee, in Virginia Courts.

### D.    <u>Count IV</u> - **Plaintiff States a Claim For Quiet Title**

Count IV properly establishes a claim that Plaintiff has superior title to the property. "An action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title." *Maine v. Adams*, 277 Va. 230, 238 (2009). A party asserting a quiet title action must plead and prove that he or she has superior title to the property at issue. *See Id.; see also City of Staunton v. The August Corp.*, 169 Va. 424, 429-32 (1937).  Further, Further, "proving" a competing ownership claim will be the burden of the Defendants.   A better citation than that provided by Defendants from <u>Maine v. Adams</u> states:

> …, in a quiet title action, a plaintiff asks the court to declare that he has good title to the property in question and **compels any adverse claimant to prove a competing ownership claim or forever be barred from asserting it**. Black's Law Dictionary 32 (8th ed. 2004); see <u>City of Staunton v. The Augusta Corp., 169 Va. 424, 429-32, 193 S.E. 695, 696-97 (1937)</u> (city failed to carry burden to show it owned certain real property); Costello, Virginia Remedies § 20.07 at 20-38, 20-39. <u>Maine v. Adams</u>, 277 Va. 230, 238 (2009)(emphasis added).

Plaintiff has properly put Defendants on notice that he is the "only party to this matter that can prove legal and equitable ownership interest in the Property, pursuant to a Deed duly recorded among the Land Records of Prince William County, Virginia, which Deed antedates the Deed of Trust." (Compl. ¶ 83).  Virginia is a race notice jurisdiction.  <u>Duty v. Duty</u>, 661

S.E.2d 476 (Va. 2008).  There is no evidence in the land records to establish that anyone other than First Magnus has a security interest properly recorded in the land records of Prince William County, Virginia. Until Defendants can demonstrate that they are the proper party in interest pursuant to Rule 17 of the Federal Rules of Civil Procedure, and that Defendants indeed have an injury as required by <u>Nizan</u> and <u>Summers</u>, only Plaintiff has properly pled that he is the legal and equitable owner o the property.

**D.      Count V - Plaintiff States a Claim Under the FDCPA**

Since Plaintiff has properly made factual assertions that Defendants do not like, Defendants revert back to their <u>Twombly</u> and <u>Iqbal</u> misplace reliance to try to extricate themselves from the imbroglio they created with their prior mortgage lending practices. Defendants own correspondence to Plaintiffs establish that they considered themselves to be debt collectors and that they were attempting to collect for debts that they did not own, and that were not owned by those asking them to "service" (collect).

**E.      Count VI - Claim For Fraud**

Plaintiff withdraws this Claim

**F.      Plaintiff Fails to Identify Defendant AWL and Defendant MERS**

Given this is a quiet title action (the Deed of Trust) and request for declaratory relief (with respect to enforcement of the Note), all parties with any interest must be added to the case.  Defendant AWL is the original lender, and the only entity with any interest in the Deed of Trust / property reflected in the county land records.  Were AWL willing to state that it has no interest in the Note and or Deed of Trust, then Plaintiff, based on said representation, will happily dismiss them.  Further, MERS is listed as the "beneficiary" under the Deed of Trust. Were MERS willing to state their being identified as the "beneficiary" confers upon them no

actual / equitable interest in the Note and Deed of Trust, then Plaintiff, based on said

representation, is more than happy to dismiss them as well.

## V.   <u>CONCLUSION</u>

For all of the above reasons, Plaintiff John A. Horvath respectfully requests that this

Court deny Defendants' Motions to Dismiss.

Dated: January 6, 2010                  Respectfully submitted,

                                        JOHN HORVATH

                                        By Counsel,


                                        /S/_____
                                        Christopher E. Brown
                                        VA Bar No. 39852
                                        Brown, Brown & Brown, P.C.
                                        6269 Franconia Road
                                        Alexandria, Virginia 22310
                                        (703) 924-0223
                                        (703) 924-1586 (fax)
                                        brownfirm@lawyer.com
                                        *Attorney for Plaintiff John A. Horvath*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 6th day of January, 2010, I caused a copy of the foregoing PLAINTIFF'S CONSOLIDATED OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT BY DEFENDANTS BANK OF NEW YORK, N.A., CWALT, INC., COUNTRYWIDE HOME LOANS SERVICING, LP, AMERICA'S WHOLESALE LENDER, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.'S AND EQUITY TRUSTEES, LLC, to be served by electronic transmission with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) on the following:

Mark B. Bierbower, VA Bar No. 22913
Patricia M. Sulzbach, VA Bar No. 72411
Dianne M. Keppler, VA Bar No. 44236
HUNTON & WILLIAMS, LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
(202) 955-1500
(202) 778-2201 (fax)
mbierbower@hunton.com
psulzbach@hunton.com
dkeppler@hunton.com
*Attorneys for Defendant Bank of New York, N.A.,*
*CWALT, Inc, Countrywide Home Loans Servicing*
*LP, America's Wholesale Lender, and Mortgage*
*Electronic Registration System, Inc.*


Matthew Cohen, VA Bar No. 72097
Allison Melton, VA Bar No. 75192
Bierman, Geesing & Ward, LLC
4520 East West Highway, Suite 200
Bethesda, MD 20814
(301) 961-6555 ext 3358
(301) 961-6545 (fax)
Matt.cohen@bgw-llc.com
Allison.Melton@bgw-llc.com
*Attorneys for Defendant Equity Trustees, LLC*

Karen E. Daily, VA Bar No. 48210
Samuel I. White, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462
(757) 457-4194
(757) 497-2802 (fax)
kdaily@siwpc.com
*Attorney for Defendant Samuel White, P.C.*

Respectfully submitted,


/S/_____
Christopher E. Brown
VA Bar No. 39852
Brown, Brown & Brown, P.C.
6269 Franconia Road
Alexandria, Virginia 22310
(703) 924-0223
(703) 924-1586 (fax)
brownfirm@lawyer.com
*Attorney for Plaintiff John A. Horvath*